# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED
PENSION TRUST FUND and
NACARCI FEASTER,
          Plaintiffs,

v.                                                         Case No. 06C504

MCDOWELL CONSTRUCTION
CORPORATION,
          Defendant.

## DECISION AND ORDER

On April 21, 2006, plaintiffs, an employee benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA") and a trustee, fiduciary, participant and beneficiary of the plan, initiated this action against defendant McDowell Construction Corporation, under ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145 and the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185.

Despite being served with process, defendant has failed to appear. The Clerk of the Court has entered default against defendant in accordance with Fed. R. Civ. P. 55(a). Plaintiff filed an application for default judgment against defendant and, despite being served with notice of this application, defendant has not responded. It is clear that I have subject matter jurisdiction over this action and it appears from plaintiff's complaint that I have personal jurisdiction over defendant. Further, as defendant is a corporation, it is clear that it is not an infant or incompetent person.

Upon the clerk's entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,

722 F.2d 1319, 1323 (7th Cir. 1983). In the present case, plaintiffs allege that defendant is an employer in an industry affecting commerce and was a party to a collective bargaining agreement between itself and the Wisconsin Laborers District Council, a labor organization that represented some of defendant's employees as well as employees of other employers for purposes of collective bargaining. Plaintiffs aver that defendant violated both the agreement and § 515 of ERISA by failing to make continuing and prompt payments to the plaintiff fund and failing to accurately report employee work status to the plaintiff fund, as required by the terms of the collective bargaining agreement.

> Section 515 states:
>
> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Plaintiffs' allegations, now deemed true, sufficiently establish that defendant has violated § 515, and ERISA § 502 provides a private right of action for such violation. Thus, I will now address the issue of damages.

Section § 502(g) of ERISA states that in any action brought on behalf of a plan to enforce § 515, where a court awards judgment in favor of the plan, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>  (i) interest on the unpaid contributions, or
>  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

Plaintiffs ask for an award under this section in the amount of $2692.90, along with attorney's fees and costs.

Plaintiffs submit that for the audited period, defendant did not meet its obligation to contribute $1543.30 to the plaintiff fund and owes an additional $1149.60 in liquidated damages, referral fees, and interest. They have submitted an affidavit in support of these amounts, as well as documentation from an audit of defendant. Plaintiffs further request attorney's fees in the amount of $210.00 and costs in the amount of $374.73. They have submitted an affidavit and billing records in support of these amounts.

Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. See Dundee, 722 F.2d at 1323. Here, damages are liquidated and no damages hearing is needed. As such, I will order that judgment be entered against defendant in the amount of $3277.63, plus interest, without further ado.

Therefore,

**IT IS ORDERED** that plaintiff's application for default judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the judgment be entered in the amount of $3277.63, together with interest as allowed by law, in favor of plaintiffs and against defendant McDowell Construction Corporation.

Dated at Milwaukee, Wisconsin this 30 day of October, 2007.

/s_____
LYNN ADELMAN
District Judge

4